IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTIAN RALPH DAVIS,
    Plaintiff,

vs.                                    Case No. 3:10cv498/MCR/CJK

FRANK BELL, et al.,
    Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Escambia County Jail proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review of the complaint, the court concludes plaintiff has not presented and cannot present an actionable claim under § 1983. Therefore, dismissal of this case is warranted.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's complaint names three defendants: Frank Bell, Circuit Judge of the Escambia County Circuit Court; Jerrica Harness, Assistant State Attorney; and Sarah Dyehouse, Assistant Public Defender. Plaintiff's claims arise from his criminal prosecution for petit theft in the Escambia County Circuit Court. Plaintiff's case was in the jury selection phase at the time he filed this action on November 30, 2010.

(Doc. 1, pp. 7-8). Judge Bell was the presiding judge at all times relevant to the complaint; Ms. Harness was the prosecutor; and Ms. Dyehouse was plaintiff's court-appointed attorney. Plaintiff claims Judge Bell and Prosecutor Harness violated his rights to due process and a speedy trial when Bell failed to dismiss the charge based on an alleged speedy trial violation, and when Harness refused to accept and give effect to plaintiff's *pro se* motion and/or notice concerning the alleged violation. Plaintiff claims Attorney Dyehouse rendered ineffective assistance of counsel in violation of the Sixth Amendment when she failed to move to dismiss the charge based on the alleged speedy trial violation. As relief, plaintiff seeks monetary damages and injunctive relief, including dismissal of "all current and previous charges." (Doc. 1, p. 9).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*,

29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (same; explaining, for example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Taking the allegations of the complaint as true and construing them in the light most favorable to plaintiff, they fail to state a plausible § 1983 claim against Assistant Public Defender Dyehouse. In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). With regard to the first requirement, it is well-settled that "the party

charged with the deprivation must be a person who may fairly be said to be a state actor." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000).

The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981). Plaintiff's claim against Attorney Dyehouse is based on the allegation that during Dyehouse's representation of plaintiff in the criminal proceeding, Dyehouse failed to move to dismiss the charge based on an alleged speedy trial violation. Dyehouse's actions fall squarely under *Dodson*. Because Ms. Dyehouse was not acting under color of state law when she engaged in the alleged unconstitutional conduct, plaintiff's claims against her cannot proceed under § 1983 and must be dismissed. *Dodson*, 454 U.S. at 325, 102 S.Ct. at 453.

It is also apparent from the face of the complaint that Judge Bell and Prosecutor Harness are absolutely immune from plaintiff's damages claims. A judge acting in his judicial capacity is entitled to absolute immunity from liability for damages under § 1983 unless he acts in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 355-57, 98 S. Ct. 1099, 1104-05, 55 L. Ed. 2d 331 (1978); *see also Scott v. Hayes*, 719 F.2d 1562, 1567 (11th Cir.1983) (holding that a judge performing judicial acts in a matter over which he had jurisdiction is entitled to immunity for his actions under § 1983). The *Stump* test is a two-part inquiry. The first question is whether the judge dealt with the plaintiff in a judicial capacity. "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending

before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citing *Scott v. Hayes*, 719 at 1565). The second part of the *Stump* test is whether the judge acted in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 362, 98 S. Ct. at 1107. The absence of jurisdiction indicates that there is no subject matter jurisdiction, or that the acts of the judge are purely private and non-judicial. *See Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996). It is clear from the allegations of the complaint that Judge Bell was dealing with plaintiff in his judicial capacity when he declined to entertain plaintiff's argument of a speedy trial violation. Judge Bell was the judge of a criminal court presiding over plaintiff's criminal case at the time of the conduct. Thus, he clearly had jurisdiction over plaintiff's criminal case, and there is no allegation to the contrary. *See Stump*, 435 U.S. at 356-57 and n. 7, 98 S. Ct. at 1105 and n. 7. Therefore, plaintiff's damages claims against Judge Bell must be dismissed.

Prosecutor Harness is also entitled to absolute immunity, as her allegedly unconstitutional actions were performed within the scope of her role as a government advocate. *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993)). The initiation and pursuit of a criminal prosecution, appearances before the court and other in-court activity are classic examples of actions taken by a prosecutor in performing her role as a government advocate. *See Rivera*, 359 F.3d at 1353; *see also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate

for the State"). For qualifying acts, a prosecutor receives absolute immunity regardless of the prosecutor's motive or intent. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. . . .") (quotations omitted). Because Harness' actions (proceeding with plaintiff's criminal prosecution despite his complaint of a speedy trial violation) occurred in the course of her role as an advocate for the State, she is entitled to prosecutorial immunity. Plaintiff's damages claims against her must therefore be dismissed.

Plaintiff's claims for injunctive relief are not cognizable in this § 1983 proceeding, as they challenge the fact of plaintiff's incarceration and should have been brought in a habeas corpus petition. *See Dyer v. Lee*, 488 F.3d 876, 880 (11th Cir. 2007) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973)). Therefore, plaintiff's injunctive relief claims must be dismissed.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In this case, amendment would be futile.

Accordingly, it is respectfully RECOMMENDED:

That this case be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), and the clerk be directed to close the file.

At Pensacola, Florida this 24th day of June, 2011.


*/s/ Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).